# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:22-cv-00341-MR

| | |
|---|---|
| WALTER TIMOTHY GAUSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| RAKEESHA L. HOWELL, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. [Doc. 1].

## I. BACKGROUND

In this action filed on July 27, 2022, pursuant to 42 U.S.C. §§ 1983, pro se Plaintiff Walter Timothy Gause ("Plaintiff"), a prisoner of the State of North Carolina currently incarcerated at Lumberton Correctional Institution ("Lumberton CI") in Lumberton, North Carolina, purports to bring claims arising out of events occurring at Lumberton CI.[1] Plaintiff names Rakeesha L. Howell, identified as a Disciplinary Hearing Officer at Lumberton CI, as a Defendant in this matter in her individual and official capacities. [Doc. 1 at

---

[1] Lumberton, North Carolina, is in the Eastern District.

2-3]. Plaintiff alleges his constitutional rights were violated relative to the conduct of a disciplinary hearing conducted at Lumberton, CI. [See id. at 2-9]. For relief, Plaintiff seeks punitive and "ancillary" damages. [Id. at 9]. Plaintiff also requests appointment of counsel. [Id.].

**II.    DISCUSSION**

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: (b) A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Therefore, under Section 1391, Plaintiff's action may be heard in a venue where all the defendants reside, or in the venue where the issue substantially arose, which here is the Eastern District of North Carolina. Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this action, or, if it is in the interest of justice, transfer this action to the United States District Court for the Eastern District of North Carolina. The Court will transfer this

2

Case 3:22-cv-00341-MR    Document 5    Filed 08/05/22    Page 2 of 3

action to the Eastern District of North Carolina.

### III. CONCLUSION

For the reasons stated herein, the Court transfers this action to the Eastern District of North Carolina.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's action is transferred to the Eastern District of North Carolina.

2. The Clerk's Order for Prisoner Trust Account Statement [Doc. 4] is **VACATED**.

3. The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: August 5, 2022

Martin Reidinger
Chief United States District Judge